ORIGINAL

Of Counsel:
CRONIN, FRIED, SEKIYA,
 KEKINA & FAIRBANKS

DAVID L. FAIRBANKS        735-0
HOWARD G. McPHERSON   5582-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-1433
Facsimile: (808) 536-2073
E-mail: cfskf@croninfried.com

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 30 2013

at 10 o'clock and 45 min. A M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTINA L. BOSCO, | CIVIL NO. CV13 00381 SOM KSC |
| Plaintiff, | COMPLAINT; SUMMONS |
| vs. | |
| NCL AMERICA, INC., | |
| Defendant. | |

## COMPLAINT

This is a seaman's claim within the meaning of 28 U.S.C. § 1916, the provisions of which authorize the filing of this Complaint without prepayment of fees or costs.

## COUNT I
(Jones Act Negligence)

1. This action arises under 46 U.S.C. §30104, commonly known as the Jones Act. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The Court has subject matter jurisdiction in admiralty pursuant to 28 U.S.C. § 1333. Venue is properly laid in that Defendant NCL America, Inc. (hereinafter "NCL") is doing business in this district and the acts and omissions complained of occurred here.

3. At all material times, NCL owned, operated, and/or controlled the vessel *Pride of America* (hereinafter "the vessel").

4. At all material times, Plaintiff was employed by NCL as a crew member aboard the vessel. During the course of that employment, Plaintiff worked aboard the vessel in a capacity that contributed to its purpose and mission. Plaintiff then and there enjoyed an employment-related connection to the vessel that was substantial in both nature and duration.

5. On March 5, 2011, during the course and scope of her employment with NCL, Plaintiff sustained a serious low back injury.

6. Plaintiff's injury was caused by NCL's negligence in failing to provide her with a safe place to work, including but not limited to failing to provide proper rules, procedures, and equipment aboard the vessel.

7. As a direct and proximate result of NCL's negligence, Plaintiff has suffered and will continue to suffer physical and emotional pain and harm, to an extent to be determined at trial.

8. As a further direct and proximate result of NCL's negligence, Plaintiff has lost earnings and future earning capacity and other economic loss, to an extent to be determined at trial.

9. As a further direct and proximate result of NCL's negligence, Plaintiff has incurred and will continue to incur medical costs and expenses, to an extent to be determined at trial.

## COUNT II
(Unseaworthiness)

10. Plaintiff incorporates all of her foregoing allegations. This action arises under the general maritime law of the United States.

11. By operation of law, NCL warranted to Plaintiff that the vessel was reasonably fit for its intended service.

12. NCL breached said warranty in that the vessel was not reasonably fit, including but not limited to its lack of proper rules, procedures, and equipment for the work aboard the vessel.

13. As a direct and proximate result of NCL's breach of warranty, Plaintiff was injured and sustained damages as set forth above.

## COUNT III
### (Maintenance and Cure)

14. Plaintiff incorporates all of her foregoing allegations.

15. Plaintiff's back injury disabled her from performing her duties aboard the vessel, entitling her to maintenance and cure.

16. NCL has unreasonably and/or willfully and wantonly delayed payment and/or reimbursement of Plaintiff's medical expenses, causing her additional damages, to an extent to be determined at trial, justifying an award of attorneys' fees and/or imposition of punitive damages.

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against NCL, awarding her the following:

A. General, special, and punitive damages according to proof;

B. Maintenance and cure, as appropriate;

C. Costs of suit, interest, attorneys' fees; and

D. Such further relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, July 30, 2013.

_____
DAVID L. FAIRBANKS
HOWARD G. McPHERSON
Attorneys for Plaintiff